**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**



FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

**DEC 17 2025**

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

BRANDI MADDOX,
Plaintiff,

Civil Action File No. ___1:25-CV-06233-JPB
**JURY TRIAL DEMANDED**

v.

CHEROKEE COUNTY, GEORGIA;
COBB COUNTY, GEORGIA;
COBB COUNTY SCHOOL DISTRICT;
CHEROKEE COUNTY CLERK OF COURT;
OFFICE OF THE CHEROKEE COUNTY DISTRICT ATTORNEY;
OFFICE OF THE COBB COUNTY DISTRICT ATTORNEY;
CHEROKEE COUNTY SHERIFF'S OFFICE;
COBB COUNTY SHERIFF'S OFFICE;
CHEROKEE COUNTY ADULT DETENTION CENTER;
JUDGE AMANDA SPEIGHTS, in her individual and official capacities;
JUDGE ANGELA F. JACOBS, in her individual and official capacities;
KARLI SMITH, in her individual and official capacities;
KAREN WALKER, in her individual and official capacities;
BRETT CONWAY, in his individual and official capacities;
SUZANNE WILCOX, in her individual and official capacities;
PATTY BAKER, in her individual and official capacities;
SUSAN K. TREADAWAY, in her individual and official capacities;
JEFFREY COLEMAN, ESQ.;
PARKER POE ADAMS & BERNSTEIN LLP;
ROGER HUBBARD, JR.;
ROGER HUBBARD, SR.;
DEANNA HUBBARD;
TANISHA PALARCHE, in her individual and official capacities;
GREGORY FIELDS, in his individual and official capacities;
BRIAN BARBEE, in his individual and official capacities;
EDER AVILA, in his individual and official capacities.
Defendants.

II.

B. 1. Defendants (continued)

Defendant No. 5

1

**Name**
OFFICE OF THE CHEROKEE COUNTY DISTRICT ATTORNEY

**Job or Title (if known)**
DISTRICT ATTORNEY'S OFFICE

**Street Address**
90 NORTH STREET, SUITE 340

**City and County**
CANTON, CHEROKEE

**State and Zip Code**
GA 30114

Defendant No. 6

**Name**
OFFICE OF THE COBB COUNTY DISTRICT ATTORNEY

**Job or Title (if known)**
DISTRICT ATTORNEY'S OFFICE

**Street Address**
70 HAYNES STREET

**City and County**
MARIETTA, COBB

**State and Zip Code**
GA 30090

Defendant No. 7

**Name**
CHEROKEE COUNTY SHERIFF'S OFFICE

**Job or Title (if known)**
LAW ENFORCEMENT AGENCY

**Street Address**
498 CHATTIN DRIVE

**City and County**
CANTON, CHEROKEE

**State and Zip Code**
GA 30115

Defendant No. 8

**Name**
COBB COUNTY SHERIFF'S OFFICE

**Job or Title (if known)**
LAW ENFORCEMENT AGENCY

**Street Address**
1825 COUNTY SERVICES PARKWAY

**City and County**
MARIETTA, COBB

**State and Zip Code**
GA 30008

Defendant No. 9

**Name**
CHEROKEE COUNTY ADULT DETENTION CENTER

**Job or Title (if known)**
DETENTION FACILITY

**Street Address**
498 CHATTIN DRIVE

**City and County**
CANTON, CHEROKEE

**State and Zip Code**
GA 30115

Defendant No. 10

**Name**
AMANDA SPEIGHTS

**Job or Title (if known)**
JUVENILE COURT JUDGE

**Street Address**
90 NORTH STREET

**City and County**
CANTON, CHEROKEE

**State and Zip Code**
GA 30114

Defendant No. 11

**Name**
ANGELA F. JACOBS

**Job or Title (if known)**
SUPERIOR COURT JUDGE

**Street Address**
70 HAYNES STREET

**City and County**
MARIETTA, COBB

**State and Zip Code**
GA 30090

Defendant No. 12

**Name**
KARLI SMITH

**Job or Title (if known)**
JUDICIAL ASSISTANT

**Street Address**
70 HAYNES STREET

**City and County**
MARIETTA, COBB

**State and Zip Code**
GA 30090

4

Defendant No. 13

**Name**
KAREN WALKER

**Job or Title (if known)**
JUDICIAL ASSISTANT

**Street Address**
70 HAYNES STREET

**City and County**
MARIETTA, COBB

**State and Zip Code**
GA 30090

Defendant No. 14

**Name**
BRETT CONWAY

**Job or Title (if known)**
JUDICIAL ASSISTANT

**Street Address**
70 HAYNES STREET

**City and County**
MARIETTA, COBB

**State and Zip Code**
GA 30090

Defendant No. 15

**Name**
SUZANNE WILCOX

**Job or Title (if known)**
ATTORNEY / SCHOOL DISTRICT COUNSEL

**Street Address**
514 GLOVER STREET, SE

5

**City and County**
MARIETTA, COBB

**State and Zip Code**
GA 30060

Defendant No. 16

**Name**
PATTY BAKER

**Job or Title (if known)**
CLERK OF COURT

**Street Address**
90 NORTH STREET, SUITE 340

**City and County**
CANTON, CHEROKEE

**State and Zip Code**
GA 30114

Defendant No. 17

**Name**
SUSAN K. TREADAWAY

**Job or Title (if known)**
DISTRICT ATTORNEY

**Street Address**
90 NORTH STREET, SUITE 340

**City and County**
CANTON, CHEROKEE

**State and Zip Code**
GA 30114

Defendant No. 18

**Name**
JEFFREY B. COLEMAN

**Job or Title (if known)**
ATTORNEY

**Street Address**
5071 BOULDERCREST ROAD

**City and County**
ELLENWOOD, DEKALB

**State and Zip Code**
GA, 30294

**E-mail Address (if known)** - jeffreycolemanlaw@gmail.com

Defendant No. 19

**Name**
PARKER POE ADAMS & BERNSTEIN LLP

**Job or Title (if known)**
LAW FIRM

**Street Address**
1075 PEACHTREE STREET NE, SUITE 1500

**City and County**
ATLANTA, FULTON

**State and Zip Code**
GA 30309

Defendant No. 20

**Name**
ROGER HUBBARD, JR.

**Job or Title (if known)**
INDIVIDUAL

**Street Address**
417 SANDY CIRCLE

**City and County**
WOODSTOCK, CHEROKEE

7

**State and Zip Code**
GA 30188

Defendant No. 21

**Name**
ROGER HUBBARD, SR.

**Job or Title (if known)**
INDIVIDUAL

**Street Address**
2610 NICHOLAS COURT

**City and County**
MARIETTA, COBB

**State and Zip Code**
GA, 30062

Defendant No. 22

**Name**
DEANNA HUBBARD

**Job or Title (if known)**
INDIVIDUAL

**Street Address**
2610 NICHOLAS COURT

**City and County**
MARIETTA, COBB

**State and Zip Code**
GA 30062

Defendant No. 23

**Name**
TANISHA PALARCHE

**Job or Title (if known)**
LAW ENFORCEMENT OFFICER

**Street Address**
1825 COUNTY SERVICES PARKWAY

**City and County**
MARIETTA, COBB

**State and Zip Code**
GA 30008

Defendant No. 24

**Name**
GREGORY FIELDS

**Job or Title (if known)**
LAW ENFORCEMENT OFFICER

**Street Address**
1825 COUNTY SERVICES PARKWAY

**City and County**
MARIETTA, COBB

**State and Zip Code**
GA 30008

Defendant No. 25

**Name**
BRIAN BARBEE

**Job or Title (if known)**
LAW ENFORCEMENT OFFICER

**Street Address**
1825 COUNTY SERVICES PARKWAY

**City and County**
MARIETTA, COBB

**State and Zip Code**
GA 30008

9

Defendant No. 26

**Name**
EDER AVILA

**Job or Title (if known)**
LAW ENFORCEMENT OFFICER

**Street Address**
1825 COUNTY SERVICES PARKWAY

**City and County**
MARIETTA, COBB

**State and Zip Code**
GA 30008

B. 2. Defendants

**2.** The defendant **CHEROKEE COUNTY, GEORGIA, is a political subdivision of the State of Georgia, organized and existing under Georgia law,** with its principal place of business in Cherokee County, Georgia.

**3.** The defendant **COBB COUNTY, GEORGIA, is a political subdivision of the State of Georgia, organized and existing under Georgia law,** with its principal place of business in Cobb County, Georgia.

**4.** The defendant, **COBB COUNTY SCHOOL DISTRICT, is a local governmental entity and political subdivision of the State of Georgia,** responsible for the administration of public schools within Cobb County.

**5.** Defendant **CHEROKEE COUNTY CLERK OF COURT is a constitutional office of the State of Georgia, established under the Georgia Constitution,** responsible for maintaining court records and dockets.

**6.** The defendant **OFFICE OF THE CHEROKEE COUNTY DISTRICT ATTORNEY is a constitutional office of the State of Georgia, acting through the elected District Attorney and assistant prosecutors,** with offices located in Cherokee County, Georgia.

**7.** The defendant **OFFICE OF THE COBB COUNTY DISTRICT ATTORNEY is a constitutional office of the State of Georgia, acting through the elected District Attorney and assistant prosecutors,** with offices located in Cobb County, Georgia.

**8.** The defendant **CHEROKEE COUNTY SHERIFF'S OFFICE is a constitutional law-enforcement office of the State of Georgia,** acting through the elected Sheriff and sworn deputies.

**9.** The defendant **COBB COUNTY SHERIFF'S OFFICE is a constitutional law-enforcement office of the State of Georgia**, acting through the elected Sheriff and sworn deputies.

**10.** The defendant, **CHEROKEE COUNTY ADULT DETENTION CENTER**, is a detention facility operated by the Cherokee County Sheriff's Office, a constitutional law-enforcement office of the State of Georgia

**11.** The defendant, **AMANDA SPEIGHTS**, is a citizen of the State of Georgia.

**12.** The defendant, **ANGELA F. JACOBS**, is a citizen of the State of Georgia.

**13.** The defendant, **KARLI SMITH**, is a citizen of the State of Georgia.

**14.** The defendant, **KAREN WALKER**, is a citizen of the State of Georgia.

**15.** The defendant, **BRETT CONWAY**, is a citizen of the State of Georgia.

**16.** The defendant, **SUZANNE WILCOX**, is a citizen of the State of Georgia.

**17.** The defendant, **PATTY BAKER**, is a citizen of the State of Georgia.

**18.** The defendant, **SUSAN K. TREADAWAY**, is a citizen of the State of Georgia.

**19.** The defendant, **JEFFREY B. COLEMAN**, is a citizen of the State of Georgia.

**20.** The defendant, **ROGER HUBBARD, JR.**, is a citizen of the State of Georgia.

**21.** The defendant, **ROGER HUBBARD, SR.**, is a citizen of the State of Georgia.

**22.** The defendant, **DEANNA HUBBARD**, is a citizen of the State of Georgia.

**23.** The defendant, **TANISHA PALARCHE**, is a citizen of the State of Georgia.

**24.** The defendant, **GREGORY FIELDS**, is a citizen of the State of Georgia.

**25.** The defendant, **BRIAN BARBEE**, is a citizen of the State of Georgia.

**26.** The defendant, **EDER AVILA**, is a citizen of the State of Georgia.

All governmental defendants named herein are sued in their proper legal capacities as political subdivisions, constitutional offices, or governmental entities under Georgia law, and not as private corporations.

11

**STATEMENT OF CLAIM:**

**I. INTRODUCTION AND NATURE OF THE ACTION**

1. This is a civil rights action arising under 42 U.S.C. §§ 1983, 1985, and 1986, brought by Plaintiff Brandi Maddox ("Plaintiff"), proceeding pro se, to redress a coordinated scheme by judicial officers, court staff, attorneys, law enforcement officers, school officials, and private individuals to manufacture jurisdiction, issue and rely upon void and unserved court orders, interfere with lawful custody, disrupt the education of Plaintiff's minor children, and effectuate Plaintiff's false arrest and detention.

2. This action arises from Defendants' knowing disregard of a controlling Cobb County Superior Court Custody Order entered on July 21, 2025, which remains binding and controlling statewide pursuant to O.C.G.A. § 19-9-3. Despite notice of that valid judgment, Defendants caused or permitted Cherokee County to generate contradictory, jurisdictionally defective orders that were never lawfully served on Plaintiff and that purported to threaten incarceration and alter custody and school access in direct conflict with the Cobb County order.

3. The Cherokee County orders cited contradictory hearing dates of September 11 and September 22, 2025, threatened Plaintiff with incarceration of up to twenty (20) days, and were issued and circulated without lawful service as required by O.C.G.A. § 9-11-4. These orders were issued without proper judicial assignment, without jurisdiction, and in the clear absence of authority, rendering them void ab initio.

4. Although the Cherokee County orders were never lawfully enforced, Defendants Jeffrey Coleman and the Hubbard Defendants knowingly exploited the existence of those void orders to harass Plaintiff, interfere with her custodial rights, disrupt the children's

12

schooling, and destabilize lawful custody arrangements, including by communicating with school officials and law enforcement while concealing the controlling Cobb County judgment.

5.  Defendants acted under color of state law and in concert with private actors, engaging in joint action and conspiracy to give legal effect to void orders, to override a binding custody judgment, and to deprive Plaintiff of clearly established constitutional rights, including rights secured by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

6.  Cherokee County, Judge Amanda Speights, and associated court personnel knowingly created, issued, or permitted the continued existence and circulation of these void orders despite clear jurisdictional defects, lack of lawful judicial assignment, lack of service, and actual notice of the controlling Cobb County custody order, thereby engaging in non-judicial and administrative acts taken in the absence of jurisdiction.

7.  Plaintiff brings this action to obtain declaratory and injunctive relief barring the continued use or enforcement of void orders, to recover compensatory, statutory, and punitive damages for constitutional and statutory violations, and to remedy ongoing and continuing harms caused by Defendants' coordinated misconduct.

## II. JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over this action pursuant to **28 U.S.C. §§ 1331 and 1343(a)(3)–(4)** because Plaintiff asserts claims arising under the Constitution and laws of the United States, including **42 U.S.C. §§ 1983, 1985(2), 1985(3), and 1986,** for the deprivation of rights secured by the First, Fourth, Fifth, and Fourteenth Amendments.

**9.** This Court has **supplemental jurisdiction** over Plaintiff's related state-law claims pursuant to **28 U.S.C. § 1367**, because those claims form part of the same case or controversy and arise from a common nucleus of operative fact as Plaintiff's federal claims.

**10. Venue is proper** in this District pursuant to **28 U.S.C. § 1391(b)** because all Defendants reside in the State of Georgia, and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within the **Northern District of Georgia**.

## III. PARTIES

A. Government Entities - *(Municipal & Institutional Defendants)*

11. **Cherokee County, Georgia**, a municipal corporation organized under the laws of the State of Georgia.

12. **Cobb County, Georgia**, a municipal corporation organized under the laws of the State of Georgia.

13. **Cobb County School District**, a local governmental school district operating within Cobb County, Georgia.

14. **Cherokee County Clerk of Court**, a governmental office and political subdivision of Cherokee County, Georgia.

15. **Office of the Cherokee County District Attorney**, a prosecuting agency of Cherokee County, Georgia.

16. **Office of the Cobb County District Attorney**, a prosecuting agency of Cobb County, Georgia.

14

17. **Cherokee County Sheriff's Office**, a law enforcement agency of Cherokee County, Georgia.

18. **Cobb County Sheriff's Office**, a law enforcement agency of Cobb County, Georgia.

19. **Cherokee County Adult Detention Center**, a detention facility operated under the authority of the Cherokee County Sheriff's Office.

B. Government Officials - *(Individual & Official Capacities — Judicial and Administrative Actors)*

20. **Judge Amanda Speights**, sued in her individual capacity and in her official capacity as a Juvenile Court Judge for Cherokee County, Georgia, who purported to act as a Superior Court Judge.

21. **Judge Angela F. Jacobs**, sued in her individual capacity and in her official capacity as a Judge of the Superior Court of Cobb County, Georgia.

22. **Karli Smith**, sued in her individual capacity and in her official capacity as Judicial Assistant to Judge Angela F. Jacobs.

23. **Karen Walker**, sued in her individual capacity and in her official capacity as Judicial Assistant to Judge Angela F. Jacobs.

24. **Brett Conway**, sued in his individual capacity and in his official capacity as a Judicial Assistant employed by the Cobb County Superior Court.

25. **Suzanne Wilcox**, sued in her individual capacity and in her official capacity as an employee and/or agent of the Cobb County School District.

26. **Patty Baker**, sued in her individual capacity and in her official capacity as an employee and/or agent of the Cherokee County Clerk of Court.

15

27. **Susan K. Treadaway**, sued in her individual capacity and in her official capacity as District Attorney of Cherokee County, Georgia.

C. Private Attorneys and Law Firms - *(Acting Under Color of State Law)*

28. **Jeffrey Coleman, Esq.**, sued in his individual capacity.

29. **Parker Poe Adams & Bernstein LLP**, sued in its professional capacity, acting through its partners, attorneys, and agents, including Suzanne Wilcox, and in concert with state actors. Parker Poe Adams & Bernstein LLP acted under color of state law through joint action, conspiracy, and willful participation with state officials in the enforcement, advancement, and attempted legitimization of void custody and contempt process, including coordination with judicial, law-enforcement, and school-district actors.

D. Private Individuals

30. **Roger Hubbard, Jr.**, sued in his individual capacity.

31. **Roger Hubbard, Sr.**, sued in his individual capacity.

32. **Deanna Hubbard**, sued in her individual capacity.

E. Law Enforcement Officers - *(Named Arresting and Transporting Officers)*

33. **Tanisha Palarche**, sued in her individual capacity and in her official capacity as a law enforcement officer involved in Plaintiff's arrest and detention.

34. **Gregory Fields**, sued in his individual capacity and in his official capacity as a law enforcement officer involved in Plaintiff's arrest and detention.

16

35. **Brian Barbee**, sued in his individual capacity and in his official capacity as a law enforcement officer involved in Plaintiff's arrest and detention.

36. **Eder Avila**, sued in his individual capacity and in his official capacity as a law enforcement officer involved in Plaintiff's arrest and detention.

## IV. FACTUAL BACKGROUND

A. The Controlling Cobb County Custody Order and Exclusive Continuing Jurisdiction

37. Plaintiff Brandi Maddox ("Plaintiff") is the mother of two minor children. Defendant Roger Hubbard, Jr. is the children's father.

38. On July 21, 2025, the Superior Court of Cobb County entered a valid custody order governing custody and parenting time for Plaintiff's minor children (the "Cobb Custody Order").

39. The Cobb Custody Order remains valid and controlling and is binding statewide pursuant to O.C.G.A. § 19-9-3.

40. Under O.C.G.A. § 19-9-62, Cobb County retained exclusive continuing jurisdiction over custody matters involving Plaintiff's children.

41. Plaintiff alleges that no lawful transfer of custody jurisdiction from Cobb County to Cherokee County occurred.

B. Ultra Vires Conduct by Judge Amanda Speights and the Issuance of Void Cherokee County Orders

42. Defendant Judge Amanda Speights is a Juvenile Court Judge in Cherokee County, Georgia.

17

**43.** Plaintiff alleges that Judge Speights purported to act as a Superior Court Judge in a Cherokee County matter involving Plaintiff and her children without lawful authority, including without the judge-specific written designation and/or case-specific assignment required under O.C.G.A. § 15-1-9.1(b)(2).

**44.** Plaintiff alleges that, without lawful authority and without jurisdiction, Judge Speights caused and/or issued orders that treated the matter as "transferred" to her, despite a standing order stating such cases are not "transferred."

**45.** Plaintiff alleges that Judge Speights entered orders providing custody and visitation relief that was not properly petitioned for in the underlying legitimation proceeding and in a manner that conflicted with the controlling Cobb Custody Order.

**46.** Plaintiff alleges that Cherokee County orders included contradictory recitations of hearing dates, including references to proceedings on both September 11, 2025 and September 22, 2025, despite no valid hearing occurring on September 22, 2025.

**47.** Plaintiff alleges that on or about September 30, 2025, an order issued in Cherokee County recited inconsistent hearing dates and findings, rendering the order void and unreliable on its face.

**48.** Plaintiff alleges that on or about October 30, 2025, Judge Speights entered an order threatening Plaintiff with incarceration for up to twenty (20) days unless Plaintiff surrendered the children, despite the absence of lawful service and without lawful jurisdiction over custody.

**49.** Plaintiff alleges that Judge Speights further caused or permitted bench-warrant and/or contempt enforcement actions to be pursued against Plaintiff based on void proceedings and fabricated or unsupported contempt allegations.

C. Lack of Service and Lack of Personal Jurisdiction in Cherokee County Proceedings

**50.** Plaintiff alleges that at no time was she properly served in the Cherokee County matter with any summons, pleading, or notice as required by O.C.G.A. § 9-11-4.

**51.** Plaintiff alleges that no valid sheriff's return, private process affidavit, or written acknowledgment of service exists showing lawful personal service upon Plaintiff in the Cherokee County proceedings.

**52.** Plaintiff did not consent to electronic or email service and did not execute any waiver of personal service.

**53.** Plaintiff did not voluntarily appear in Cherokee County in a manner that would waive defective service or confer personal jurisdiction.

**54.** Because Plaintiff was not lawfully served and did not waive service, Plaintiff alleges the Cherokee County court lacked personal jurisdiction over her, and that all resulting orders and enforcement actions were void ab initio and subject to attack under O.C.G.A. § 9-11-60(d).

D. Open Records Request Confirms Non-Production of Oaths and Designations

**55.** On or about November 16, 2025, Plaintiff—through Dr. Sherry Couch, acting at Plaintiff's direction, submitted a Georgia Open Records request pursuant to O.C.G.A. § 50-18-70 et seq.

19

seeking records necessary to confirm lawful authority for Judge Speights to act in a Superior Court capacity, including: (a) any Superior Court oath of office; (b) any written designation; and (c) any case-specific assignment order pursuant to O.C.G.A. § 15-1-9.1(b)(2).

**56.** On November 17, 2025, Defendant Patty Baker responded by email from the Cherokee County Clerk of Court's office stating, in substance, that the Clerk's office was "not in possession of the records" requested and that the request would need to be made to Probate Court.

**57.** Plaintiff alleges that this written response from Defendant Patty Baker constitutes documentary confirmation that the Cherokee County Clerk of Court (as an office) did not produce—and did not claim to possess—records establishing a Superior Court oath, written designation, or assignment authorizing Judge Speights to exercise Superior Court jurisdiction in Plaintiff's custody-related proceedings.

**58.** Plaintiff alleges that the non-production of assignment records and oaths supports Plaintiff's claim that Judge Speights acted without lawful authority and that discovery is required into Cherokee County's designation practices, recordkeeping practices, and policies under O.C.G.A. § 15-1-9.1(b)(2).

E. False Statements, Joint Action, and Coordinated Arrest Planning

**59.** Plaintiff alleges that Defendants Roger Hubbard, Jr., Roger Hubbard, Sr., and Deanna Hubbard made false statements to law enforcement in connection with enforcement of Cherokee County paperwork and/or arrest actions against Plaintiff.

**60.** Plaintiff alleges that on November 12, 2025, these statements were captured on law-enforcement body-worn camera recordings, including claims that Cobb County lacked jurisdiction, that Plaintiff was not entitled to custody, that Plaintiff had an active warrant, and that Plaintiff was unlawfully withholding the children.

**61.** Plaintiff alleges that Defendants Roger Hubbard, Jr., Roger Hubbard, Sr., and Deanna Hubbard coordinated with Defendant Jeffrey Coleman to surveil Plaintiff at her workplace and to orchestrate Plaintiff's arrest and detention using void Cherokee County paperwork.

**62.** Plaintiff alleges that Defendant Jeffrey Coleman acted in concert with state actors by advancing enforcement narratives premised on void jurisdiction and defective service, despite actual notice of Plaintiff's controlling Cobb custody documentation.

**63.** Plaintiff alleges that Defendant Parker Poe Adams & Bernstein LLP acted through its attorneys and agents in concert with state actors in connection with the custody-interference and enforcement effort alleged herein, including through communications and conduct attributable to Defendant Suzanne Wilcox as alleged below. At all relevant times, Defendant Parker Poe Adams & Bernstein LLP, acting through its attorneys and agents, knowingly engaged in joint action with state officials and private defendants to advance and enforce void custody and contempt process against Plaintiff, thereby acting under color of state law.

F. Arrest and Detention on Void Process and Failure to Verify Jurisdiction

**64.** Plaintiff alleges that on November 12, 2025, Plaintiff was arrested and detained in Cobb County based on void Cherokee County contempt process signed and/or pursued without lawful authority and without verification of jurisdiction, service, or the controlling Cobb Custody Order.

21

**65.** Plaintiff alleges that Defendants Tanisha Palarche, Gregory Fields, Brian Barbee, and Eder Avila participated in arresting, transporting, and/or detaining Plaintiff without probable cause and without meaningful review of Plaintiff's documentary proof that Cobb County retained controlling custody jurisdiction.

**66.** Plaintiff alleges that the arrest and detention were carried out as though Cherokee County paperwork controlled, notwithstanding Plaintiff's presentation of the Cobb Custody Order and her assertion that Cherokee County lacked jurisdiction and lacked personal service.

**67.** Plaintiff alleges she was not provided meaningful notice of the basis for detention and was not afforded a meaningful opportunity to contact counsel or otherwise protect her rights before being detained.

**68.** Plaintiff alleges that she was confined at the Cherokee County Adult Detention Center, and that detention was carried out under the authority of the Cherokee County Sheriff's Office.

**69.** Plaintiff alleges that Cobb County law enforcement participated in the arrest and/or custody transfer process in Cobb County, including involvement attributable to the Cobb County Sheriff's Office as a law-enforcement agency operating within Cobb County.

G. School Interference, Unauthorized Disclosures, and Disruption of Education

**70.** Plaintiff alleges that Cherokee County orders and/or directives were used to pressure the children's school, including directives that Norton Park Elementary School release the children to Defendant Roger Hubbard, Jr.

22

71. Plaintiff alleges these directives conflicted with the controlling Cobb Custody Order and placed school officials in conflict between contradictory commands.

72. Plaintiff alleges that Defendant Suzanne Wilcox, acting as an employee and/or agent of the Cobb County School District and in concert with other actors, authorized or facilitated release decisions and/or disclosures based on void Cherokee County paperwork despite notice of the controlling Cobb custody authority.

73. Plaintiff alleges that the school principal was required on more than one occasion to summon Cobb County police due to Defendant Roger Hubbard, Jr.'s disruptive conduct on school premises.

74. Plaintiff alleges that the Cobb County School District and/or its employees released Plaintiff's former residential address and/or other confidential family information to Defendant Roger Hubbard, Jr. without Plaintiff's permission or lawful basis, facilitating surveillance, stalking, and further custody interference.

75. On or about November 3, 2025, Plaintiff provided written notice to school personnel demanding that the School District seal Plaintiff's information and direct all correspondence to Plaintiff's P.O. Box due to ongoing threats, evasion of service, and pending federal litigation.

76. On or about November 5, 2025, Plaintiff transmitted to school personnel a certified copy of the governing Cobb County custody documentation and standing custody authority, placing the Cobb County School District on actual notice of controlling Cobb custody jurisdiction.

77. Plaintiff alleges that despite certified notice of controlling Cobb custody authority, Defendants continued to rely on void Cherokee County paperwork and failed to prevent further interference,

reflecting unlawful practices and/or failures to train or supervise within the Cobb County School District.

H. Actual Notice to Cobb Officials and Obstruction of Emergency Judicial Review During Incarceration

78. Plaintiff alleges that while incarcerated, she sought emergency judicial review and relief from unlawful confinement based on void process, and that Defendants in Cobb County Superior Court administration and chambers received actual notice of Plaintiff's incarceration and the asserted jurisdictional defects.

79. Plaintiff alleges that Defendant Karli Smith, acting as Judicial Calendar Coordinator, required that Plaintiff personally request an emergency hearing and, on November 14, 2025 at approximately 10:10 a.m., Plaintiff made that request while incarcerated, consistent with Defendant Smith's instruction.

80. Plaintiff alleges that Defendant Karli Smith communicated that emergency hearings were handled through the Senior Judges' Office and directed Plaintiff to Defendants Brett Conway and Audrey Hastings.

81. Plaintiff alleges that Defendant Brett Conway, acting through the Senior Judges' Office, was placed on written notice that Plaintiff was incarcerated at the Cherokee County Adult Detention Center on a custody-related contempt process Plaintiff contends was void ab initio, yet Plaintiff did not receive prompt emergency judicial review.

24

**82.** Plaintiff alleges that Defendant Karen Walker, acting as Judicial Assistant to Defendant Judge Angela F. Jacobs, and Defendant Brett Conway, acting through the Senior Judges' Office, participated in the administrative handling, routing, and/or non-presentation of Plaintiff's emergency filings and requests during Plaintiff's incarceration.

**83.** Plaintiff alleges that Defendant Judge Angela F. Jacobs proceeded with scheduling, rulings, and/or communications in Case No. 25CV05479 during a period in which Plaintiff contends proceedings were automatically stayed by operation of USCR 25.3 following a Motion to Recuse supported by affidavit.

**84.** Plaintiff alleges that the Office of the Cobb County District Attorney and the Office of the Cherokee County District Attorney were placed on notice of the disputed jurisdictional basis for confinement and enforcement and nevertheless allowed continued reliance on the allegedly void process without prompt corrective action.

**85.** Plaintiff alleges that these actions and omissions by Cobb-County judicial administration and related offices constituted administrative interference with Plaintiff's access to courts and delayed judicial review of confinement while Plaintiff was incarcerated.

I. Resulting Harm and Continuing Misconduct

**86.** Plaintiff alleges that Defendants Hubbard and Coleman knowingly exploited void orders and void process to harass Plaintiff, destabilize custody, and disrupt the children's schooling.

**87.** Plaintiff alleges that Cherokee County officials and personnel allowed void orders and void directives to remain operative despite notice of the controlling Cobb Custody Order and despite notice of jurisdictional and service defects.

**88.** Plaintiff alleges that as a direct and foreseeable result of Defendants' conduct, Plaintiff suffered unlawful arrest and detention, deprivation of custody rights, interference with family integrity, emotional distress, reputational harm, and disruption to the children's education and stability.

**89.** Plaintiff alleges her injuries are ongoing because Defendants' void paperwork, false narratives, and enforcement actions continue to be used to threaten incarceration, interfere with custody, and destabilize Plaintiff's family life.

**90.** Plaintiff realleges and incorporates by reference the foregoing Factual Background ¶¶37–89.

## V. ROOKER–FELDMAN DOES NOT BAR THIS ACTION

**91.** Plaintiff does not seek appellate review of any state-court judgment, nor does she ask this Court to "review and reject" a final state-court decision. Instead, Plaintiff asserts **independent federal claims** arising from constitutional injuries caused by Defendants' conduct, including actions taken **without jurisdiction**, through **non-judicial and ministerial acts**, and through the **knowing creation, use, and enforcement of void orders and void process** that conflicted with the controlling Cobb County custody order and were used to effectuate Plaintiff's arrest and continuing interference with custody and schooling. (See ¶¶37–91.)

**92.** The Supreme Court has made clear that the Rooker–Feldman doctrine is "confined to cases … brought by state-court losers complaining of injuries caused by state-court judgments … and

26

inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Plaintiff's claims do not fall within that narrow category.

**93.** Plaintiff's injuries were **not caused by a valid state-court judgment**. Rather, they arise from **independent unlawful conduct**, including:

(a) the issuance and maintenance of orders allegedly entered **without lawful authority** and **without personal jurisdiction** due to lack of service;

(b) misrepresentations and coordinated conduct by private and state actors to treat **void Cherokee County paperwork** as controlling;

(c) enforcement activity culminating in Plaintiff's **arrest and detention on void process**; and

(d) school interference and disclosure of confidential family information undertaken **despite certified notice of the controlling Cobb County custody authority**. (See ¶¶42–75, 82–91.)

**94.** Federal courts consistently recognize that claims alleging **fraud, conspiracy, and constitutional violations** are not barred by Rooker–Feldman where the plaintiff challenges acts **independent of the judgment** and seeks relief for injuries caused by those acts. See *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140–41 (9th Cir. 2004) (claims based on extrinsic fraud and independent wrongdoing are not barred); *McCormick v. Braverman*, 451 F.3d 382, 392 (6th Cir. 2006) (Rooker–Feldman does not apply where the source of injury is defendants' conduct rather than the state-court judgment).

**95.** Plaintiff specifically challenges Defendants' conduct in **manufacturing jurisdiction**, proceeding without lawful service, engaging in **non-judicial and ministerial misconduct**, and enforcing **void process** to deprive Plaintiff of clearly established rights secured by the Constitution

27

and federal law. Plaintiff seeks **damages and prospective declaratory and injunctive relief** to prevent ongoing constitutional violations—not reversal or modification of a state-court outcome.

**96.** Accordingly, the Rooker–Feldman doctrine does not bar this Court's subject-matter jurisdiction over Plaintiff's claims. *Exxon Mobil*, 544 U.S. at 284; *Kougasian*, 359 F.3d at 1140–41; *McCormick*, 451 F.3d at 392.

## VI. NO ABSTENTION IS WARRANTED

**97.** Abstention is an extraordinary and narrow exception to the federal courts' "virtually unflagging obligation" to exercise the jurisdiction conferred upon them. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

**98.** No form of abstention applies here. Plaintiff does not seek to interfere with any ongoing, valid state proceeding, does not request modification of a custody decree, and does not ask this Court to supervise family-law matters. Instead, Plaintiff challenges **independent federal constitutional violations** arising from actions taken **without jurisdiction**, through **non-judicial and ministerial acts**, and through the **knowing enforcement of void orders and void process**.

A. Younger Abstention Does Not Apply

**99.** Younger abstention applies only where there is: (1) an ongoing state judicial proceeding; (2) implicating important state interests; and (3) providing an adequate opportunity to raise federal constitutional claims. *Younger v. Harris*, 401 U.S. 37 (1971).

**100.** Those elements are not satisfied here. Plaintiff does not seek to enjoin an ongoing state proceeding, nor is there any valid proceeding entitled to comity where the orders at issue were

28

entered **without personal jurisdiction**, **without lawful judicial authority**, and **without proper service**, rendering them **void ab initio**. Void proceedings do not qualify as "ongoing state proceedings" for Younger purposes.

101. Moreover, Younger abstention does not apply where state actors proceed in **bad faith**, where enforcement is undertaken pursuant to **void authority**, or where **extraordinary circumstances** exist. *Kugler v. Helfant*, 421 U.S. 117, 124–25 (1975). The coordinated creation and enforcement of void orders, Plaintiff's arrest and detention, and interference with custody and schooling constitute such extraordinary circumstances.

B. Colorado River Abstention Does Not Apply

102. Colorado River abstention applies only in "exceptional" circumstances involving **parallel federal and state proceedings** that are substantially identical. *Colorado River*, 424 U.S. at 817.

103. There are no parallel proceedings here. Plaintiff's federal claims for false arrest, conspiracy, deprivation of due process and equal protection, RICO violations, and unlawful disclosure of confidential information **cannot be fully adjudicated in any state forum** and are not duplicative of any pending state action.

104. Even if some related factual overlap existed, the presence of substantial federal constitutional claims weighs heavily against abstention. Federal courts have a strong interest in adjudicating claims arising under 42 U.S.C. §§ 1983, 1985, and 1986. *Mitchum v. Foster*, 407 U.S. 225, 242 (1972).

C. Pullman Abstention Does Not Apply

**105.** Pullman abstention is inappropriate because this case does not involve an unclear or unsettled issue of state law whose resolution would obviate the need for federal constitutional adjudication. *Railroad Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941).

**106.** The state-law principles at issue—**jurisdiction, service, and judicial authority**—are settled. Under Georgia law, orders entered without jurisdiction or lawful service are void. The constitutional violations alleged do not depend on any uncertain question of state law.

D. The Domestic Relations Exception Does Not Apply

**107.** The domestic relations exception is narrow and applies only where a plaintiff seeks issuance or modification of a divorce, alimony, or child custody decree. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).

**108.** Plaintiff does not seek a custody determination, modification, or enforcement order from this Court. Plaintiff seeks **damages and prospective relief** for constitutional violations, false arrest, conspiracy, and RICO violations arising from the **misuse of void process and non-judicial acts**.

**109.** Federal courts routinely exercise jurisdiction over civil-rights claims arising in a family-law context where, as here, the plaintiff challenges unconstitutional conduct rather than the custody judgment itself. *Doe v. Pryor*, 344 F.3d 1282, 1286–87 (11th Cir. 2003).

E. Federal Jurisdiction Is Proper and Necessary

110. Defendants' conduct—including acting without jurisdiction, enforcing void orders, orchestrating Plaintiff's arrest and detention, and interfering with custody and schooling despite certified notice of the controlling order—presents precisely the type of constitutional injury for which § 1983 and related federal statutes were enacted.

111. Because Plaintiff alleges **ongoing violations of federal law** and seeks **prospective declaratory and injunctive relief** in addition to damages, abstention would be improper and would effectively immunize unconstitutional conduct from federal review.

112. Accordingly, this Court should exercise its jurisdiction and permit Plaintiff's claims to proceed to discovery and adjudication on the merits.

## VII. IMMUNITY DOES NOT APPLY

113. Defendants are not entitled to judicial, quasi-judicial, prosecutorial, qualified, or municipal immunity because Plaintiff challenges non-judicial acts, ultra vires conduct, actions taken without jurisdiction, and knowing enforcement of void orders, none of which are protected by immunity doctrines.

114. Immunity doctrines do not shield conduct that is administrative, ministerial, investigatory, conspiratorial, or undertaken in the clear absence of all jurisdiction. *Forrester v. White*, 484 U.S. 219, 229 (1988); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Fraud, retaliation, and knowing reliance on void process are categorically outside the scope of any immunity doctrine.

31

## A. Judicial Immunity Does Not Apply

**115.** Judicial immunity protects only acts taken in a judicial capacity and within the court's jurisdiction. It does not apply where a judge acts in the clear absence of all jurisdiction or performs non-judicial acts. *Stump*, 435 U.S. at 356–57; *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005).

**116.** Defendant Judge Amanda Speights is a Juvenile Court Judge who lacked lawful authority to act as a Superior Court Judge. She acted without a Superior Court oath, without a judge-specific written designation, and without a case-specific assignment under O.C.G.A. § 15-1-9.1(b)(2).

**117.** Judge Speights's acts, including transferring a non-transferable superior-court matter to herself, signing orders as a Superior Court Judge without authority, issuing custody and visitation relief not petitioned for, and issuing a bench warrant based on fabricated contempt, were ultra vires, administrative, and non-judicial in nature. Issuing orders without jurisdiction or lawful authority is not a judicial act, regardless of the form of the document, where the judge lacked power to act at all.

**118.** Because those acts were taken in the clear absence of jurisdiction and outside any judicial role, judicial immunity does not apply. *Forrester*, 484 U.S. at 229; *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993).

**119.** Plaintiff also seeks prospective declaratory and injunctive relief against Defendant Speights in her official capacity, which is expressly permitted notwithstanding immunity doctrines. *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984); 42 U.S.C. § 1983.

B. Quasi-Judicial Immunity Does Not Apply

120. Quasi-judicial immunity applies only when officials perform functions that are "integral to the judicial process." *Antoine*, 508 U.S. at 436.

121. Court clerks and judicial staff are not entitled to quasi-judicial immunity for administrative acts, recordkeeping failures, concealment of jurisdictional documents, or obstruction of access to records. *Scott v. Dixon*, 720 F.2d 1542, 1546–47 (11th Cir. 1983). Such conduct involved no discretionary adjudicative function and required no exercise of judicial judgment.

122. Defendant Patty Baker, Clerk of Court, failed to produce mandatory jurisdictional records, failed to identify any lawful designation or oath authorizing Judge Speights to act, and allowed the docketing of a "transfer order" inconsistent with governing rules. These were ministerial and administrative acts, not judicial ones.

123. Defendants Karli Smith, Karen Walker, and Brett Conway likewise engaged in administrative obstruction, delay, and interference with Plaintiff's access to the court and representation while Plaintiff was incarcerated. Such conduct is not protected by quasi-judicial immunity.

C. Prosecutorial Immunity Does Not Apply

124. Prosecutorial immunity protects only advocacy functions intimately associated with the judicial phase of prosecution. It does not apply to administrative, investigatory, or conspiratorial conduct. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

125. Defendant Susan K. Treadaway is sued to the extent she engaged in non-prosecutorial acts, including permitting or acquiescing in enforcement of void orders, failing to intervene in unlawful

33

detention, or participating in policies allowing enforcement without jurisdiction. Such conduct was administrative and supervisory in nature and occurred outside the initiation or pursuit of any lawful prosecution.

126. To the extent Plaintiff seeks prospective declaratory or injunctive relief against prosecutorial actors in their official capacities, immunity does not apply. *Ex parte Young*, 209 U.S. 123 (1908).

D. Qualified Immunity Does Not Apply

127. Qualified immunity does not protect officials who violate clearly established constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

128. It was clearly established at all relevant times that:

• Arrest based on a void warrant violates the Fourth Amendment;

• Enforcement of orders entered without jurisdiction violates due process;

• Parents have a clearly established liberty interest in custody of their children;

• Law enforcement must verify jurisdiction and authority before arrest.

129. Defendant law-enforcement officers arrested Plaintiff on a warrant signed by an unauthorized judge, failed to verify jurisdiction, ignored authenticated custody orders, and failed to advise Plaintiff of the basis for arrest or permit contact with counsel.

130. No reasonable officer could believe such conduct was lawful. Accordingly, qualified immunity does not apply. *Malley v. Briggs*, 475 U.S. 335, 344–45 (1986). The jurisdictional

34

defects were obvious on the face of the process and confirmed by Plaintiff's presentation of authenticated court orders.

E. Municipal Immunity Does Not Apply

131. Municipal entities are not entitled to sovereign immunity under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

132. Defendant Cherokee County, Cobb County, and the Cobb County School District are liable because Plaintiff's injuries were caused by official policies, customs, practices, or failures to train and supervise, including:

• Permitting judicial actors to act without lawful designation;

• Allowing enforcement of void orders;

• Failing to train law enforcement on jurisdictional verification;

• Failing to safeguard confidential family information;

• Allowing school officials to act on void custody paperwork.

133. Plaintiff further seeks prospective declaratory and injunctive relief against municipal Defendants, which is not barred by any immunity doctrine.

F. Conspiracy and Joint Action Defeat Immunity

134. Immunity doctrines do not shield defendants who act in concert with private individuals to deprive constitutional rights. *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980), including judges and officials who knowingly acted in excess of their authority

35

**135.** Defendants acted jointly with private actors, including Roger Hubbard Jr., Roger Hubbard Sr., Deanna Hubbard, and Jeffrey Coleman, to surveil Plaintiff, manufacture false claims, invoke void process, and effectuate Plaintiff's arrest and custody interference.

**136.** Because Defendants acted outside lawful authority and in concert to violate clearly established rights, no immunity applies.

G. Discovery Is Required

**137.** Whether Defendants acted within lawful authority, pursuant to policy or custom, or with knowledge of jurisdictional defects are factual questions inappropriate for resolution at the pleading stage.

**138.** Plaintiff has plausibly alleged constitutional violations, conspiracy, and racketeering activity sufficient to defeat immunity at this stage and proceed to discovery.

**139.** Accordingly, Defendants' anticipated immunity defenses should be denied, and this action should proceed to discovery on the merits.

**VIII. CLAIMS FOR RELIEF**

**COUNT 1 - Deprivation of Constitutional Rights Under Color of State Law**

**(42 U.S.C. § 1983 – Fourth and Fourteenth Amendments)**

**Against:**
Judge Amanda Speights (individual and official capacities);
Cherokee County, Georgia;
Cobb County, Georgia;
Cobb County School District;
Suzanne Wilcox;
Tanisha Palarche;

36

Gregory Fields;
Brian Barbee;
Eder Avila.

**140.** Plaintiff realleges and incorporates by reference the Factual Background set forth in ¶¶37–89 as though fully set forth herein.

**141.** This Count arises under 42 U.S.C. § 1983, which provides a civil remedy against any person who, under color of state law, subjects another to the deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States.

**142.** At all relevant times, Defendants acted under color of state law and in concert with one another, and their acts and omissions were undertaken pursuant to official authority, custom, practice, or joint action with other state actors. Each Defendant named in this Count is sued only to the extent of their direct participation in the constitutional deprivations alleged herein.

A. Clearly Established Constitutional Rights

**143.** Plaintiff possessed a clearly established liberty interest in the care, custody, and control of her minor children, protected by the Fourteenth Amendment, pursuant to a valid custody order entered by the Superior Court of Cobb County on July 21, 2025, which remained controlling and binding statewide under O.C.G.A. §§ 19-9-3 and 19-9-62. (¶¶37–41.)

**144.** Plaintiff also possessed a clearly established right under the Fourth Amendment to be free from arrest, detention, and seizure absent probable cause and absent lawful judicial authority.

145. It was clearly established at all relevant times that enforcement of orders entered without subject-matter jurisdiction, personal jurisdiction, or lawful judicial authority violates the Fourth and Fourteenth Amendments.

B. Ultra Vires Judicial Action and Void Process

146. Defendant Judge Amanda Speights, a Juvenile Court Judge, lacked lawful authority to act as a Superior Court Judge in any custody or enforcement matter involving Plaintiff, including because no judge-specific written designation or case-specific assignment existed as required by O.C.G.A. § 15-1-9.1(b)(2). (¶¶42–45, 55–58.)

147. Despite the absence of jurisdiction and authority, Defendant Speights purported to exercise superior-court powers by issuing custody directives, incarceration threats, and contempt-based enforcement actions that conflicted with the controlling Cobb County Custody Order and were entered without lawful service on Plaintiff. (¶¶46–49.)

148. Because Plaintiff was never lawfully served, never waived service, and never submitted to personal jurisdiction in Cherokee County, all Cherokee County custody and contempt process was void *ab initio*. (¶¶50–54.)

C. Unlawful Arrest and Detention

149. Defendants Tanisha Palarche, Gregory Fields, Brian Barbee, and Eder Avila arrested, transported, and detained Plaintiff on November 12, 2025, based on void Cherokee County process, without probable cause, and without verifying jurisdiction, service, or lawful judicial authority. (¶¶64–69.)

38

150. Plaintiff presented documentary proof of the controlling Cobb County Custody Order and asserted the lack of Cherokee County jurisdiction, yet Defendants proceeded with arrest and detention as though void Cherokee County paperwork were valid. (¶¶65–66.)

151. The arrest and detention constituted an unreasonable seizure under the Fourth Amendment and a deprivation of liberty without due process of law under the Fourteenth Amendment.

D. Custody Interference and School-Based State Action

152. Defendants Cobb County School District and Suzanne Wilcox, acting under color of state law and with actual notice of the controlling Cobb County Custody Order, interfered with Plaintiff's custodial rights by relying on void Cherokee County paperwork to authorize release decisions and disclosures. (¶¶70–77.)

153. These acts included the unauthorized disclosure of Plaintiff's confidential family information and facilitation of custody interference, despite certified notice that Cherokee County lacked jurisdiction and that Cobb County retained exclusive continuing custody authority.

E. Municipal Liability

The actions of the individually named law-enforcement officers and school officials were taken within the scope of their employment and pursuant to the customs, practices, or failures to train of their respective municipal defendants.

154. Defendant Cherokee County is liable under § 1983 because Plaintiff's injuries were caused by official policies, customs, or practices permitting judicial actors to issue and enforce orders without lawful designation, service, or jurisdiction.

**155.** Defendant Cobb County is liable under § 1983 because its law-enforcement officers arrested and detained Plaintiff pursuant to void process and without training, supervision, or safeguards to verify jurisdiction and lawful authority.

**156.** Defendant Cobb County School District is liable under § 1983 because its employees acted pursuant to practices or failures to train that allowed reliance on void custody paperwork and unauthorized disclosure of protected family information.

F. Causation and Harm

**157.** As a direct and proximate result of Defendants' acts and omissions, Plaintiff suffered unlawful arrest and detention, deprivation of custodial rights, interference with family integrity, emotional distress, reputational harm, and ongoing fear of further unlawful enforcement. (¶¶86– 89.)

**158.** Defendants' conduct was knowing, reckless, and objectively unreasonable in light of clearly established law.

G. Relief

**159.** Plaintiff seeks compensatory damages, punitive damages against individual defendants, declaratory relief declaring the Cherokee County process void, and prospective injunctive relief to prevent further enforcement of void custody and contempt actions.

**COUNT II - Conspiracy to Interfere With Civil Rights**

**(42 U.S.C. §§ 1985(2), 1985(3), and 1986)**

**Against:**
Roger Hubbard, Jr.;
Roger Hubbard, Sr.;
Deanna Hubbard;
Jeffrey Coleman, Esq.;
Judge Amanda Speights (individual capacity);
Cherokee County, Georgia (official capacity).

160. Plaintiff realleges and incorporates by reference the Factual Background set forth in ¶¶37–89 and the allegations of Count I as though fully set forth herein.

161. This Count arises under 42 U.S.C. §§ 1985(2), 1985(3), and 1986, which prohibit conspiracies to obstruct justice, intimidate parties and witnesses, deprive persons of equal protection of the laws, and impose liability on those who know of such conspiracies and fail to prevent them.

A. Agreement and Concerted Action

162. Defendants knowingly entered into an agreement and acted in concert to obstruct justice, interfere with lawful custody proceedings, intimidate Plaintiff, and deprive Plaintiff of rights secured by the Constitution and laws of the United States.

163. The conspiracy was formed for the purpose of circumventing the controlling Cobb County Custody Order, fabricating jurisdiction in Cherokee County, and invoking void judicial process to effect Plaintiff's arrest, detention, and loss of custodial control.

B. Overt Acts in Furtherance of the Conspiracy

164. In furtherance of the conspiracy, Defendants engaged in overt acts including, but not limited to:

41

(a) fabrication of jurisdictional authority in Cherokee County despite actual knowledge that Cobb County retained exclusive continuing jurisdiction;

(b) advancement of false service narratives and false claims of contempt and warrant authority;

(c) coordinated surveillance of Plaintiff at her workplace;

(d) inducement and facilitation of law-enforcement action based on void judicial paperwork. (¶¶59–62.)

165. Defendants Roger Hubbard, Jr., Roger Hubbard, Sr., and Deanna Hubbard knowingly made false statements to law enforcement asserting that Plaintiff lacked custody, that Cobb County lacked jurisdiction, and that Plaintiff was subject to arrest, for the purpose of triggering unlawful detention and custody interference. (¶¶59–61.)

166. Defendant Jeffrey Coleman, Esq., with actual notice of the controlling Cobb County Custody Order and the absence of Cherokee County jurisdiction, knowingly prepared, advanced, and promoted defective filings and enforcement narratives designed to give colorable legitimacy to void process.

167. Defendant Judge Amanda Speights knowingly facilitated and maintained void orders and enforcement threats despite actual knowledge of jurisdictional defects, lack of lawful designation, lack of service, and the existence of a controlling Cobb County custody determination.

C. Obstruction of Justice and Equal Protection Violations

168. Defendants' actions were intended to, and did, obstruct the due course of justice in state custody proceedings, intimidate Plaintiff in the exercise of her legal rights, and deter Plaintiff from enforcing lawful custody orders, in violation of 42 U.S.C. § 1985(2).

169. Defendants further conspired to deprive Plaintiff of equal protection of the laws and equal privileges and immunities by selectively invoking void process, false enforcement narratives, and coordinated state action to strip Plaintiff of custody and liberty interests, in violation of 42 U.S.C. § 1985(3).

170. Defendants' conduct was motivated by invidious and arbitrary animus against Plaintiff as a custodial parent asserting lawful court orders and constitutional rights, and by an intent to favor Roger Hubbard, Jr. through unlawful means. Defendants' animus was directed at Plaintiff as a custodial parent asserting lawful court orders and constitutional rights, and at Plaintiff as a litigant seeking access to courts and equal protection, satisfying the animus requirement under 42 U.S.C. § 1985.

D. § 1986 Liability (Failure to Prevent)

171. Defendant Cherokee County, through its officials and agents, had actual knowledge of the conspiracy, including the jurisdictional defects and void nature of the Cherokee County process, and possessed the power to prevent or correct the violations.

172. Despite such knowledge and authority, Cherokee County knowingly failed to prevent or remedy the conspiracy, giving rise to liability under 42 U.S.C. § 1986.

43

## E. Causation and Harm

**173.** As a direct and proximate result of Defendants' conspiratorial acts, Plaintiff suffered unlawful arrest and detention, deprivation of custodial rights, emotional distress, reputational harm, financial loss, and continuing fear of further unlawful enforcement. (¶¶86–89.)

**174.** Defendants' acts were willful, malicious, and undertaken with reckless disregard for Plaintiff's clearly established constitutional rights.

## F. Relief

**175.** Plaintiff seeks compensatory and punitive damages, declaratory relief declaring the conspiracy and resulting process unlawful, and injunctive relief prohibiting Defendants from further reliance on void jurisdiction, void service, or fabricated enforcement mechanisms.

## COUNT III - False Arrest and False Imprisonment

### (Fourth Amendment; 42 U.S.C. § 1983; Georgia Common Law)

**Against:**
Tanisha Palarche;
Gregory Fields;
Brian Barbee;
Eder Avila;
Roger Hubbard, Jr.;
Jeffrey Coleman, Esq.

**176.** Plaintiff realleges and incorporates by reference ¶¶59–66 and ¶¶64–69 of the Factual Background as though fully set forth herein.

177. On November 12, 2025, Plaintiff was arrested, transported, and detained without probable cause, pursuant to void judicial process, and in the absence of lawful subject-matter or personal jurisdiction.

178. At the time of arrest, the Cherokee County contempt and enforcement paperwork relied upon by Defendants was void *ab initio* due to lack of jurisdiction, lack of lawful service, and conflict with the controlling Cobb County Custody Order.

179. Defendants Tanisha Palarche, Gregory Fields, Brian Barbee, and Eder Avila arrested and detained Plaintiff without a valid warrant, without lawful authority, and without conducting any meaningful verification of jurisdiction, service, or the existence of lawful judicial process, despite Plaintiff's presentation of documentary proof establishing the controlling Cobb County custody jurisdiction.

180. Defendants Roger Hubbard, Jr. and Jeffrey Coleman, Esq. were joint participants in the unlawful arrest and detention by knowingly providing false information, false enforcement narratives, and void paperwork to law enforcement, with the intent and foreseeable effect of causing Plaintiff's arrest and confinement.

181. The arrest and detention constituted an unreasonable seizure in violation of the Fourth Amendment to the United States Constitution and were undertaken under color of state law, giving rise to liability under 42 U.S.C. § 1983. No reasonable officer could have believed probable cause existed where the only purported authority was void judicial process issued without jurisdiction or service.

**182.** Independently and concurrently, Defendants' conduct constituted false arrest and false imprisonment under Georgia common law, in that Plaintiff was unlawfully restrained against her will without legal justification or lawful authority.

**183.** Defendants knew or should have known that the process relied upon was void, that jurisdiction was lacking, and that no lawful basis existed to arrest or detain Plaintiff.

**184.** As a direct and proximate result of Defendants' actions, Plaintiff suffered loss of liberty, emotional distress, humiliation, reputational harm, and continuing fear of unlawful enforcement.

**185.** Defendants' conduct was willful, malicious, and undertaken with reckless disregard for Plaintiff's clearly established constitutional and statutory rights.

Relief

**186.** Plaintiff seeks compensatory damages, punitive damages against the individual defendants, costs and attorney's fees pursuant to 42 U.S.C. § 1988, and such other relief as the Court deems just and proper.

**COUNT IV - Abuse of Process and Malicious Prosecution**

**(42 U.S.C. § 1983; Georgia Common Law)**

**Against:**
Jeffrey Coleman, Esq.;
Roger Hubbard, Jr.;
Judge Amanda Speights (individual capacity).

**187.** Plaintiff realleges and incorporates by reference ¶¶42–49, ¶¶59–66, and ¶¶76–79 of the Factual Background as though fully set forth herein.

46

**188.** At all relevant times, Defendants acted individually and in concert to misuse judicial and quasi-judicial process for improper purposes unrelated to any legitimate adjudicative function.

A. Abuse of Process

**189.** Defendants knowingly employed and attempted to employ legal process—including custody directives, contempt threats, and enforcement mechanisms, for improper purposes, including coercion, harassment, retaliation, and interference with Plaintiff's lawful custodial rights. The process was used not to adjudicate a legitimate custody dispute, but to coerce compliance, punish Plaintiff, and circumvent controlling jurisdiction

**190.** Defendant Jeffrey Coleman, Esq. knowingly advanced and promoted enforcement efforts predicated on void jurisdiction and defective service, despite actual notice that Cobb County retained exclusive continuing jurisdiction and that no lawful Cherokee County process existed.

**191.** Defendant Roger Hubbard, Jr. knowingly invoked and relied upon void judicial paperwork and false enforcement narratives to coerce Plaintiff, destabilize custody, and induce law-enforcement action.

**192.** Defendant Judge Amanda Speights knowingly threatened incarceration and maintained enforcement actions despite the absence of subject-matter jurisdiction, personal jurisdiction, lawful service, or judicial authority, and despite notice of the controlling Cobb County Custody Order.

**193.** Defendant Speights's conduct—including incarceration threats and maintenance of void enforcement actions—was administrative, coercive, and retaliatory in nature, not judicial, and was undertaken in the clear absence of jurisdiction.

47

194. Defendants' misuse of process was willful and malicious and was designed to achieve collateral objectives wholly outside the lawful scope of any custody or contempt proceeding.

B. Malicious Prosecution

195. Defendants initiated and continued void custody-related and contempt-based proceedings against Plaintiff without probable cause, without lawful service, and without jurisdiction.

196. The proceedings relied upon by Defendants were legally incapable of producing a valid prosecution because they were void *ab initio* due to jurisdictional and service defects.

197. Defendants acted with malice, including intent to harass, retaliate against Plaintiff for asserting lawful custody rights, and coerce compliance with void orders through threats of incarceration.

198. Plaintiff was subjected to unlawful arrest, detention, and continuing restraint as a direct result of Defendants' initiation and continuation of the void proceedings.

C. Constitutional Overlay

199. Defendants' conduct constituted an unreasonable seizure and deprivation of liberty in violation of the Fourth Amendment and a deprivation of procedural and substantive due process in violation of the Fourteenth Amendment, giving rise to liability under 42 U.S.C. § 1983.

200. Defendant Speights is not entitled to judicial immunity because the acts alleged herein were non-judicial, administrative, coercive, and undertaken in the clear absence of all jurisdiction.

## D. Causation and Harm

201. As a direct and proximate result of Defendants' abuse of process and malicious prosecution, Plaintiff suffered loss of liberty, emotional distress, humiliation, reputational harm, disruption of family integrity, and continuing fear of unlawful enforcement. (¶¶76–79.)

202. Defendants' conduct was knowing, willful, and malicious, warranting compensatory and punitive damages.

## Relief

203. Plaintiff seeks compensatory damages, punitive damages against the individual Defendants, declaratory relief declaring the Cherokee County enforcement actions void, and such other relief as the Court deems just and proper.

## COUNT V - Denial of Access to Courts and Procedural Due Process

### (42 U.S.C. § 1983 – Fourteenth Amendment)

**Against:**
Karli Smith;
Brett Conway;
Karen Walker;
Judge Angela F. Jacobs;
Cobb County, Georgia.

204. Plaintiff realleges and incorporates by reference ¶¶78–85 and ¶¶86–89 of the Factual Background as though fully set forth herein.

205. This Count arises under 42 U.S.C. § 1983 and the Fourteenth Amendment, which guarantee meaningful access to the courts and prohibit deprivation of liberty without due process of law.

49

A. Clearly Established Right of Access to Courts

206. At all relevant times, Plaintiff possessed a clearly established constitutional right of meaningful access to the courts, including the right to seek emergency judicial review of unlawful confinement and void judicial process.

207. It was clearly established that court administrators, judicial staff, and judges performing administrative or ministerial functions may not obstruct, delay, or deny access to courts, particularly where a litigant is incarcerated and asserting jurisdictional defects.

B. Administrative Obstruction During Incarceration

208. While Plaintiff was incarcerated on void Cherokee County process, Defendants Karli Smith, Brett Conway, and Karen Walker were placed on actual notice that Plaintiff was unlawfully confined and was seeking emergency judicial review based on lack of jurisdiction and lack of service. (¶¶78–82.)

209. Defendant Karli Smith, acting as Judicial Calendar Coordinator, required Plaintiff to personally request an emergency hearing and, after Plaintiff complied while incarcerated, failed to ensure that Plaintiff's request was promptly presented to a judicial officer with authority to act. (¶¶79–80.)

210. Defendant Brett Conway, acting through the Senior Judges' Office, received written notice that Plaintiff was incarcerated at the Cherokee County Adult Detention Center on void custody-related contempt process and failed to take reasonable steps to facilitate immediate judicial review. (¶¶80–81.)

**211.** Defendant Karen Walker, acting as Judicial Assistant to Defendant Judge Angela F. Jacobs, participated in the administrative handling, routing, and non-presentation of Plaintiff's emergency filings and requests during Plaintiff's incarceration. (¶¶82.)

C. Judicial Action Taken During Automatic Stay

**212.** Defendant Judge Angela F. Jacobs proceeded with scheduling, rulings, and/or communications in Case No. 25CV05479 during a period in which proceedings were automatically stayed by operation of USCR 25.3 following the filing of a Motion to Recuse supported by affidavit. (¶83.)

**213.** Defendant Jacobs's actions during the automatic stay were administrative and non-judicial in nature and deprived Plaintiff of the neutral judicial review required by due process.

D. Municipal Liability

**214.** Defendant Cobb County is liable under § 1983 because Plaintiff's injuries were caused by official policies, customs, or practices, including:

(a) failure to implement procedures ensuring emergency judicial review for incarcerated litigants asserting void process;

(b) failure to train judicial staff on mandatory stay rules and jurisdictional safeguards;

(c) permitting administrative obstruction of court access by judicial staff and chambers personnel.

E. Actual Injury

**215.** As a direct and proximate result of Defendants' acts and omissions, Plaintiff was denied timely access to the courts, remained incarcerated longer than necessary on void process, and was

51

deprived of meaningful opportunity to challenge unlawful confinement. Plaintiff's inability to obtain timely judicial review resulted in continued confinement that would not have occurred had Defendants complied with mandatory procedures.

216. Plaintiff suffered loss of liberty, emotional distress, anxiety, humiliation, and ongoing fear of future obstruction when seeking judicial protection.

F. Immunity Does Not Apply

217. Defendants are not entitled to judicial or quasi-judicial immunity because the acts alleged herein were administrative, ministerial, and taken in the clear absence of jurisdiction or in violation of mandatory procedural rules.

Relief

218. Plaintiff seeks compensatory damages, declaratory relief declaring Defendants' conduct unconstitutional, prospective injunctive relief requiring Cobb County to implement safeguards for emergency judicial review, and such other relief as the Court deems just and proper.

**COUNT VI - Municipal Liability (Monell)**

**(42 U.S.C. § 1983)**

**Against:**
Cherokee County, Georgia;
Cobb County, Georgia;
Cobb County School District.

219. Plaintiff realleges and incorporates by reference ¶¶42–58, ¶¶64–75, and the allegations of Counts I through V as though fully set forth herein.

52

**220.** This Count arises under 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978), which impose liability on municipalities whose policies, customs, or practices cause constitutional deprivations.

A. Unconstitutional Policies, Customs, and Practices

**221.** At all relevant times, Defendant **Cherokee County** maintained policies, customs, or practices that permitted or tolerated the exercise of superior-court authority without lawful designation or case-specific assignment, and the issuance and maintenance of custody and enforcement orders without subject-matter jurisdiction, personal jurisdiction, or lawful service.

**222.** At all relevant times, Defendant **Cobb County** maintained policies, customs, or practices that permitted law-enforcement officers to arrest and detain individuals based on out-of-county custody or contempt paperwork without verifying jurisdiction, service, or the existence of controlling custody orders.

**223.** At all relevant times, Defendant **Cobb County School District** maintained policies, customs, or practices that permitted school personnel to rely on void or conflicting custody paperwork, disclose protected family information, and facilitate custody interference despite actual notice of controlling custody authority.

B. Failure to Train and Supervise

**224.** Defendants failed to adequately train and supervise employees regarding jurisdictional limits, service requirements, and constitutional obligations governing custody enforcement, arrest authority, and disclosure of protected family information.

**225.** These failures included, but were not limited to:

(a) failure to train judicial and administrative personnel on the requirements of lawful designation and assignment;

(b) failure to train law-enforcement officers on verification of jurisdiction, service, and controlling custody orders prior to arrest;

(c) failure to train school officials on compliance with controlling custody orders and confidentiality obligations.

C. Deliberate Indifference and Notice

**226.** Defendants' policies, customs, and failures to train constituted deliberate indifference to clearly established constitutional rights. The risk of constitutional violations from these practices was obvious, and the need for training and safeguards was plainly apparent.

**227.** Defendants had actual and constructive notice of the unconstitutional risks created by these practices through certified custody filings, open-records responses confirming the absence of lawful designation records, direct communications asserting jurisdictional defects, and repeated reliance on void Cherokee County paperwork.

**228.** Despite such notice, Defendants failed to take corrective action, discipline responsible personnel, or implement safeguards to prevent continued constitutional violations.

## D. Moving Force and Causation

229. Defendants' unconstitutional policies, customs, and failures to train were the moving force behind Plaintiff's injuries, including unlawful arrest and detention, deprivation of custodial rights, disclosure of confidential family information, and interference with family integrity.

230. Plaintiff's injuries were a direct, foreseeable, and proximate result of municipal action and inaction, not isolated incidents attributable solely to individual misconduct.

## Relief

231. Plaintiff seeks compensatory damages, declaratory relief declaring Defendants' policies and practices unconstitutional, prospective injunctive relief requiring training and policy reforms, and such other relief as the Court deems just and proper.

## COUNT VII - Declaratory and Injunctive Relief

## (42 U.S.C. § 1983; 28 U.S.C. §§ 2201–2202; Ex parte Young)

**Against:**
Judge Amanda Speights, in her official capacity;
Cherokee County, Georgia;
Cobb County, Georgia;
Cobb County School District;
Karli Smith;
Brett Conway;
Karen Walker;
Judge Angela F. Jacobs;
Suzanne Wilcox.

232. Plaintiff realleges and incorporates by reference ¶¶37–89 of the Factual Background and Counts I through VI as though fully set forth herein.

**233.** This Count seeks prospective declaratory and injunctive relief to remedy ongoing and imminent violations of Plaintiff's constitutional rights arising from void jurisdiction, void process, and unlawful enforcement practices.

A. Actual Controversy and Ongoing Harm

**234.** An actual, present, and justiciable controversy exists between Plaintiff and Defendants concerning the validity, enforceability, and continued reliance upon Cherokee County custody and contempt process issued without subject-matter jurisdiction, personal jurisdiction, lawful service, or lawful judicial authority.

**235.** Defendants Judge Amanda Speights, Cherokee County, Cobb County, Cobb County School District, Karli Smith, Brett Conway, Karen Walker, Judge Angela F. Jacobs, and Suzanne Wilcox have maintained, relied upon, enforced, or failed to formally invalidate void Cherokee County orders and directives, creating a real and immediate threat of repeat arrest, detention, custody interference, and disclosure of protected family information.

**236.** Plaintiff remains subject to ongoing harm because Defendants have not rescinded void process, corrected jurisdictional defects, or implemented safeguards to prevent further unconstitutional enforcement. Absent formal rescission and institutional safeguards, Defendants' practices create a continuing risk of repeated enforcement based on void process

B. Declaratory Relief

**237.** Plaintiff seeks a declaration pursuant to 28 U.S.C. §§ 2201–2202 that:

56

(a) The Superior Court of Cobb County retained exclusive continuing jurisdiction over Plaintiff's custody matter pursuant to O.C.G.A. §§ 19-9-3 and 19-9-62;

(b) Cherokee County lacked subject-matter jurisdiction and personal jurisdiction over Plaintiff in the custody, contempt, and enforcement proceedings described herein;

(c) Judge Amanda Speights lacked lawful authority to issue superior-court custody or contempt orders in Plaintiff's matter absent a valid oath, designation, and case-specific assignment;

(d) All Cherokee County custody, contempt, and enforcement orders issued without jurisdiction or lawful service are void *ab initio*;

(e) Arrest, detention, school-based custody interference, and disclosure of family or student information based on such void process violate the Fourth and Fourteenth Amendments.

C. Injunctive Relief

238. Plaintiff seeks preliminary and permanent injunctive relief prohibiting Defendants Judge Amanda Speights, Cherokee County, Cobb County, Cobb County School District, Karli Smith, Brett Conway, Karen Walker, Judge Angela F. Jacobs, and Suzanne Wilcox from:

(a) enforcing, relying upon, or giving effect to any void Cherokee County custody or contempt orders;

(b) arresting, detaining, or threatening Plaintiff with incarceration based on void or jurisdictionally defective process;

(c) interfering with Plaintiff's custodial rights in contravention of the controlling Cobb County Custody Order;

(d) disclosing or utilizing Plaintiff's confidential family, residential, or educational information absent lawful authority.

57

**239.** Plaintiff further seeks injunctive relief requiring Defendant Cherokee County, Defendant Cobb County, and Defendant Cobb County School District to implement policies, procedures, and training requiring:

(a) verification of jurisdiction, service, and judicial authority prior to enforcement or arrest;

(b) recognition and enforcement of controlling custody orders issued by courts of exclusive continuing jurisdiction;

(c) protection of confidential family and student information;

(d) prompt judicial review when jurisdictional defects or void process are asserted.

D. Ex parte Young Exception and Immunity

**240.** Plaintiff seeks relief against Defendant Judge Amanda Speights solely in her official capacity for prospective relief to prevent ongoing constitutional violations, which is expressly permitted under *Ex parte Young*, 209 U.S. 123 (1908).

**241.** Judicial immunity, sovereign immunity, and qualified immunity do not bar the prospective declaratory and injunctive relief sought herein.

E. Inadequacy of Legal Remedies

**242.** Plaintiff lacks an adequate remedy at law to prevent future enforcement of void process and recurring constitutional violations, as monetary damages alone cannot prevent repeat detention, custody interference, or unauthorized disclosure of protected information.

**243.** Absent declaratory and injunctive relief, Plaintiff faces a substantial likelihood of irreparable harm.

58

Relief

**244.** Plaintiff respectfully requests that the Court enter declaratory and injunctive relief as set forth above, retain jurisdiction to enforce compliance, award costs and attorney's fees pursuant to 42 U.S.C. § 1988, and grant such other relief as the Court deems just and proper.

**COUNT VIII - Equal Protection and Selective Enforcement**

**(42 U.S.C. § 1983 – Fourteenth Amendment)**

**Against:**

Judge Amanda Speights (individual and official capacities);

Cherokee County, Georgia;

Cobb County, Georgia;

Cobb County School District;

Suzanne Wilcox;

Tanisha Palarche;

Gregory Fields;

Brian Barbee;

Eder Avila.

**245.** Plaintiff realleges and incorporates by reference ¶¶37–89 of the Factual Background and Counts I through VII as though fully set forth herein.

**246.** This Count arises under 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment, which prohibit intentional, arbitrary, and discriminatory treatment by state actors.

A. Similarly Situated Individuals and Differential Treatment

247. Plaintiff was similarly situated to other custodial parents holding valid, controlling custody orders issued by courts of exclusive continuing jurisdiction.

248. Despite Plaintiff's possession of a valid Cobb County custody order and documentary proof of exclusive jurisdiction, Defendants treated Plaintiff differently from similarly situated parents by enforcing void out-of-county paperwork against her while disregarding lawful custody authority. Similarly situated custodial parents presenting valid, controlling custody orders are not arrested, detained, or subjected to enforcement based on void out-of-county paperwork.

249. Defendants favored Roger Hubbard, Jr. by crediting false narratives, void Cherokee County paperwork, and unsupported enforcement claims, while discrediting Plaintiff's valid custody documentation and jurisdictional objections.

B. Selective Enforcement and Arbitrary State Action

250. Defendants Tanisha Palarche, Gregory Fields, Brian Barbee, and Eder Avila selectively enforced Cherokee County process against Plaintiff without verifying jurisdiction or service, despite clear notice that the paperwork was void and conflicted with controlling Cobb County authority.

251. Defendants Cobb County School District and Suzanne Wilcox selectively relied on void Cherokee County directives to authorize release decisions and disclosures adverse to Plaintiff, while ignoring certified notice of the controlling Cobb County custody order.

**252.** Defendant Judge Amanda Speights selectively maintained and enforced void orders against Plaintiff while lacking jurisdiction and lawful authority, and while failing to afford Plaintiff the protections routinely afforded to litigants lawfully before the court.

C. Lack of Rational Basis and Improper Motive

**253.** Defendants' differential treatment of Plaintiff lacked any rational basis and was not related to any legitimate governmental objective.

**254.** Defendants' actions were motivated by improper considerations, including favoritism toward Roger Hubbard, Jr., retaliation against Plaintiff for asserting lawful custody rights, and willingness to employ void process to achieve a predetermined outcome.

**255.** The selective enforcement and disparate treatment subjected Plaintiff to unlawful arrest, detention, custody interference, reputational harm, and disruption of family integrity.

D. Municipal Liability

**256.** Defendant Cherokee County is liable under § 1983 because the unequal treatment of Plaintiff resulted from policies, customs, or practices permitting enforcement of void orders without jurisdictional safeguards.

**257.** Defendant Cobb County is liable under § 1983 because its law-enforcement officers engaged in selective enforcement without training or supervision to prevent arbitrary or discriminatory application of custody and contempt process.

61

**258.** Defendant Cobb County School District is liable under § 1983 because its employees acted pursuant to practices or failures to train that allowed arbitrary reliance on void custody paperwork and unequal treatment of Plaintiff and her children.

E. Causation and Harm

**259.** As a direct and proximate result of Defendants' equal protection violations, Plaintiff suffered unlawful arrest and detention, deprivation of custodial rights, emotional distress, humiliation, reputational injury, and ongoing fear of further arbitrary enforcement.

**260.** Defendants' conduct was intentional, arbitrary, and undertaken with reckless disregard for Plaintiff's clearly established constitutional rights.

Relief

**261.** Plaintiff seeks compensatory damages, punitive damages against individual Defendants, declaratory relief declaring Defendants' selective enforcement unconstitutional, and prospective injunctive relief to prevent further unequal treatment.

**COUNT IX - Civil RICO**

**(18 U.S.C. §§ 1961, 1962(c), 1964(a), 1964(c))**

**Against:**
Jeffrey Coleman, Esq.;
Roger Hubbard, Jr.;
Roger Hubbard, Sr.;
Deanna Hubbard;
Suzanne Wilcox;
Cherokee County, Georgia *(for non-immune, equitable conduct only).*

262. Plaintiff realleges and incorporates by reference the Factual Background set forth in ¶¶37–89 and the allegations of Counts I through VIII as though fully set forth herein.

263. This Count arises under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, which provides civil remedies for persons injured by reason of a pattern of racketeering activity conducted through an enterprise.

A. RICO Enterprise

264. At all relevant times, Defendants formed and participated in an **association-in-fact enterprise** within the meaning of 18 U.S.C. § 1961(4) (the "Enterprise").

265. The Enterprise consisted of judicial-adjacent, private, educational, and county-linked actors, including Defendants Jeffrey Coleman, Roger Hubbard, Jr., Roger Hubbard, Sr., Deanna Hubbard, Suzanne Wilcox, and associated Cherokee County mechanisms permitting non-immune conduct.

266. The Enterprise had a **common purpose**: to fabricate or maintain false jurisdiction, advance void custody and contempt process, induce law-enforcement and school-based action, and restrain Plaintiff's liberty and custodial rights to obtain coercive and custodial leverage.

267. The Enterprise had **relationships** among its members, including coordination between the Hubbard Defendants, Defendant Coleman, Defendant Wilcox, and county-linked processes to advance false enforcement narratives and conceal jurisdictional defects.

268. The Enterprise had **longevity** sufficient to pursue its purpose, operating through repeated acts from at least **September 2025 through November 2025**, and continuing thereafter through concealment and threats of renewed enforcement.

B. Conduct or Participation

**269.** Defendants Jeffrey Coleman, Roger Hubbard, Jr., Roger Hubbard, Sr., Deanna Hubbard, and Suzanne Wilcox knowingly **conducted and participated**, directly or indirectly, in the conduct of the Enterprise's affairs through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c).

**270.** Each Defendant had **knowledge of the essential nature of the Enterprise** and knowingly agreed to facilitate its scheme by performing acts necessary to advance its unlawful objectives.

**271.** Defendant Cherokee County, through non-immune, administrative, and equitable conduct, knowingly **facilitated and permitted** the Enterprise's activities by allowing void orders, defective service, and unlawful enforcement mechanisms to remain operative despite notice of jurisdictional defects, giving rise to equitable liability under 18 U.S.C. § 1964(a). Plaintiff does not seek treble damages against Cherokee County but seeks only prospective and equitable relief under 18 U.S.C. § 1964(a) for non-immune conduct facilitating the Enterprise.

C. Pattern of Racketeering Activity – Predicate Acts

**272.** Defendants committed at least **two acts of racketeering activity** within a ten-year period, as defined by 18 U.S.C. § 1961(1), including but not limited to the following predicate acts:

**(a) Conspiracy Against Rights and Deprivation of Rights Under Color of Law**

18 U.S.C. §§ 241, 242, and 371, by conspiring to restrain Plaintiff's liberty and custodial rights through the use of false representations, fabricated jurisdictional claims, and abuse of judicial process constituting a scheme to defraud and coerce.

**(b) Mail and Wire Fraud**

18 U.S.C. §§ 1341 and 1343, by transmitting false and misleading representations concerning jurisdiction, service, custody authority, and warrant status through interstate mail, electronic filings, emails, law-enforcement databases, and wire communications. These transmissions occurred on multiple dates between September and November 2025 and included emails, court filings, and law-enforcement communications falsely asserting jurisdiction, service, and enforcement authority.

**(c) False Statements to Governmental Actors (Including Federal Interests)**

18 U.S.C. § 1001, by making materially false statements and omissions to governmental actors and institutions regarding jurisdiction, service, custody authority, and enforcement legitimacy. The false statements affected matters involving interstate communications, federally regulated databases, and federally protected custodial and liberty interests.

**(d) Obstruction of Justice, Witness Intimidation, and Retaliation**

18 U.S.C. §§ 1503, 1512, 1513, and 1519, by obstructing lawful judicial review, intimidating Plaintiff through incarceration threats, retaliating for assertion of lawful custody rights, and falsifying or concealing jurisdictional and service-related information. These acts were undertaken to prevent Plaintiff from obtaining judicial relief and to maintain the Enterprise's coercive control.

**(e) False Declarations and Perjury**

18 U.S.C. §§ 1621 and 1623, by advancing knowingly false sworn statements as part of an integrated scheme to defraud Plaintiff and governmental actors regarding jurisdiction, service, custody authority, and enforcement legitimacy.

65

D. Relatedness and Continuity

273. The predicate acts were **related** because they had the same or similar purposes, victims, methods, and results, and were not isolated or sporadic.

274. The predicate acts constituted **closed-ended continuity** because they occurred repeatedly over a defined period and **open-ended continuity** because they posed a continuing threat of future criminal conduct through ongoing reliance on void process and enforcement threats.

E. Causation and RICO Injury

275. Plaintiff was injured in her **liberty, property interests, custodial rights, educational stability, and legal rights** by reason of Defendants' RICO violations.

276. Plaintiff's injuries were the **direct and proximate result** of Defendants' racketeering acts, including unlawful arrest and detention, custody interference, emotional distress, reputational harm, and ongoing exposure to renewed enforcement.

F. Remedies

277. Plaintiff is entitled to **treble damages**, costs, and attorney's fees pursuant to 18 U.S.C. § 1964(c).

278. Plaintiff is further entitled to **equitable relief** under 18 U.S.C. § 1964(a), including orders enjoining Defendants from continued participation in the Enterprise, prohibiting reliance on void jurisdiction or process, and requiring corrective measures to dismantle the Enterprise's unlawful practices.

**COUNT X - RICO Conspiracy**

**(18 U.S.C. § 1962(d))**

**Against:**
Jeffrey Coleman, Esq.;
Roger Hubbard, Jr.;
Roger Hubbard, Sr.;
Deanna Hubbard;
Suzanne Wilcox;
Cherokee County, Georgia *(for non-immune, equitable conduct only)*.

**279.** Plaintiff realleges and incorporates by reference the Factual Background set forth in ¶¶37–89 and the allegations of Counts I through IX as though fully set forth herein.

**280.** This Count arises under 18 U.S.C. § 1962(d), which makes it unlawful for any person to conspire to conduct or participate, directly or indirectly, in the conduct of an enterprise's affairs through a pattern of racketeering activity.

A. Agreement to Participate in the RICO Enterprise

**281.** Defendants knowingly agreed, combined, and conspired with one another to conduct and participate in the affairs of the RICO enterprise described in **Count IX** through a pattern of racketeering activity.

**282.** Each Defendant knew the essential nature, scope, and objectives of the enterprise and agreed that at least one member of the conspiracy would commit multiple acts of racketeering in furtherance of the enterprise's unlawful purposes.

**283.** The objective of the conspiracy was to fabricate or maintain false jurisdiction, advance void custody and contempt process, induce law-enforcement and school-based action, and restrain Plaintiff's liberty and custodial rights to obtain coercive and custodial leverage.

67

B. Knowing Participation and Overt Acts

284. Defendants knowingly participated in the conspiracy by performing overt acts in furtherance of the enterprise, including but not limited to:

(a) advancing false jurisdictional and service narratives;

(b) promoting and relying upon void custody and enforcement paperwork;

(c) transmitting false or misleading representations through interstate communications;

(d) inducing or facilitating arrest, detention, custody interference, and school-based action;

(e) concealing or failing to correct known jurisdictional defects.

285. Defendant Jeffrey Coleman, Esq. knowingly agreed to advance defective filings and enforcement narratives to give colorable legitimacy to void process.

286. Defendants Roger Hubbard, Jr., Roger Hubbard, Sr., and Deanna Hubbard knowingly agreed to supply false information, pressure enforcement action, and exploit void process to interfere with custody and restrain Plaintiff's liberty.

287. Defendant Suzanne Wilcox knowingly agreed to participate by relying on and acting upon void custody directives and disclosures to facilitate custody interference and advance the enterprise's objectives.

288. Defendant Cherokee County, through non-immune administrative and equitable conduct, knowingly permitted and facilitated the continuation of the enterprise by allowing void orders, defective service, and unlawful enforcement mechanisms to remain operative despite notice of jurisdictional defects.

C. Scope of Liability

**289.** Each Defendant is liable for all acts committed by co-conspirators in furtherance of the RICO conspiracy, regardless of whether each Defendant personally committed every predicate act.

**290.** The conspiracy posed a continuing threat of racketeering activity, including renewed reliance on void jurisdiction, repeat enforcement actions, and ongoing intimidation and retaliation against Plaintiff.

D. Causation and Injury

**291.** As a direct and proximate result of Defendants' RICO conspiracy, Plaintiff suffered injury to her liberty, property interests, custodial rights, educational stability, emotional well-being, and legal rights.

**292.** Plaintiff's injuries were foreseeable, intended, and the natural consequence of the conspiratorial agreement and acts taken in furtherance thereof.

E. Remedies

**293.** Plaintiff is entitled to all remedies available under 18 U.S.C. § 1964, including treble damages, costs, and attorney's fees pursuant to § 1964(c) against the individual Defendants, and equitable relief pursuant to § 1964(a) against all Defendants, including Cherokee County, for non-immune conduct only.

**COUNT IX - Civil RICO**

**(18 U.S.C. §§ 1961, 1962(c), 1964(a), 1964(c))**

**Against:**
Jeffrey Coleman, Esq.;
Roger Hubbard, Jr.;
Roger Hubbard, Sr.;
Deanna Hubbard;
Suzanne Wilcox;
Cherokee County, Georgia *(for non-immune, equitable conduct only)*.

262. Plaintiff realleges and incorporates by reference the Factual Background set forth in ¶¶37–89 and the allegations of Counts I through VIII as though fully set forth herein.

263. This Count arises under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, which provides civil remedies for persons injured by reason of a pattern of racketeering activity conducted through an enterprise.

A. RICO Enterprise

264. At all relevant times, Defendants formed and participated in an **association-in-fact enterprise** within the meaning of 18 U.S.C. § 1961(4) (the "Enterprise").

265. The Enterprise consisted of private individuals, legal actors, school-based actors, and county-linked administrative mechanisms, including Defendants Jeffrey Coleman, Roger Hubbard, Jr., Roger Hubbard, Sr., Deanna Hubbard, Suzanne Wilcox, and Cherokee County administrative processes permitting non-immune conduct.

266. The Enterprise had a **common purpose**: to fabricate or maintain false jurisdiction, advance void custody and contempt process, induce law-enforcement and school-based action, and restrain Plaintiff's liberty and custodial rights to obtain coercive and custodial leverage.

70

**267.** The Enterprise had **relationships** among its members, including coordinated action between the Hubbard Defendants, Defendant Coleman, Defendant Wilcox, and Cherokee County administrative channels to advance false enforcement narratives and conceal jurisdictional and service defects.

**268.** The Enterprise had **longevity** sufficient to pursue its purpose, operating through repeated acts from at least **September 2025 through November 2025**, and continuing thereafter through concealment, threats, and reliance on void process.

B. Conduct or Participation

**269.** Defendants Jeffrey Coleman, Roger Hubbard, Jr., Roger Hubbard, Sr., Deanna Hubbard, and Suzanne Wilcox knowingly **conducted and participated**, directly or indirectly, in the conduct of the Enterprise's affairs through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c).

**270.** Each Defendant knew the essential nature and objectives of the Enterprise and knowingly agreed to facilitate its unlawful scheme by performing acts necessary to advance its purposes.

**271.** Defendant Cherokee County, through non-immune administrative and equitable conduct, knowingly **facilitated and permitted** the Enterprise's activities by allowing void orders, defective service, and unlawful enforcement mechanisms to remain operative despite notice of jurisdictional defects, giving rise to equitable liability under 18 U.S.C. § 1964(a). Plaintiff does not seek treble damages against Cherokee County and seeks only prospective and equitable relief under 18 U.S.C. § 1964(a) for non-immune conduct.

C. Pattern of Racketeering Activity – Predicate Acts

272. Defendants committed at least two acts of racketeering activity within a ten-year period, as defined by 18 U.S.C. § 1961(1), including but not limited to:

(a) Conspiracy Against Rights and Deprivation of Rights Under Color of Law

18 U.S.C. §§ 241, 242, and 371, y conspiring to restrain Plaintiff's liberty, interfere with custodial rights, and induce arrest and detention **through false representations, fabricated jurisdictional claims, and abuse of judicial process as part of a coercive and fraudulent scheme**.

(b) Mail and Wire Fraud

18 U.S.C. §§ 1341 and 1343, by transmitting materially false representations concerning jurisdiction, service, custody authority, and enforcement legitimacy through interstate mail, electronic filings, emails, and wire communications. These communications occurred on multiple occasions between September and November 2025 and included emails, court filings, and law-enforcement communications falsely asserting jurisdiction, service, custody authority, and enforcement legitimacy.

(c) False Statements and Fraudulent Representations

18 U.S.C. § 1001, by knowingly making materially false statements and omissions to governmental actors regarding jurisdiction, service, custody authority, and enforcement status. These false statements affected matters involving interstate communications, federally regulated databases, and federally protected liberty and custodial interests.

**(d) Obstruction of Justice, Retaliation, and Falsification of Records**

18 U.S.C. §§ 1503, 1512, 1513, and 1519, by obstructing lawful judicial review, retaliating against Plaintiff for asserting lawful custody rights, and falsifying or concealing jurisdictional and service-related information. These acts were undertaken to prevent Plaintiff from obtaining judicial relief and to maintain the Enterprise's coercive control.

**(e) False Declarations and Perjury**

18 U.S.C. §§ 1621 and 1623, by advancing knowingly false statements in sworn filings or judicial proceedings **as part of an integrated scheme to defraud Plaintiff and governmental actors regarding jurisdiction, service, custody authority, and enforcement legitimacy**.

D. Relatedness and Continuity

**273.** The predicate acts were **related**, sharing common purposes, victims, methods, and results.

**274.** The acts constituted **closed-ended continuity** through repeated conduct over a defined period and **open-ended continuity** by posing a continuing threat of future racketeering through ongoing reliance on void process and enforcement threats.

E. Causation and RICO Injury

**275.** Plaintiff was injured in her **liberty, property interests, custodial rights, educational stability, emotional well-being, and legal rights** by reason of Defendants' RICO violations.

**276.** Plaintiff's injuries were the **direct and proximate result** of Defendants' racketeering acts, including unlawful arrest and detention, custody interference, emotional distress, reputational harm, and ongoing exposure to renewed enforcement.

F. Remedies

**277.** Plaintiff is entitled to treble damages, costs, and attorney's fees pursuant to 18 U.S.C. § 1964(c) against the individual Defendants.

**278.** Plaintiff is further entitled to **equitable relief** under 18 U.S.C. § 1964(a), including orders enjoining Defendants from continued participation in the Enterprise, prohibiting reliance on void jurisdiction or process, and requiring corrective measures to dismantle the Enterprise's unlawful practices.

**COUNT XII - Retaliation for Exercise of Constitutional Rights**

**(42 U.S.C. § 1983 – First and Fourteenth Amendments)**

**Against:**
Judge Amanda Speights *(individual capacity for non-judicial acts and official capacity for prospective relief)*;
Jeffrey Coleman, Esq.;
Roger Hubbard, Jr.;
Roger Hubbard, Sr.;
Deanna Hubbard;
Suzanne Wilcox;
Tanisha Palarche;
Gregory Fields;
Brian Barbee;
Eder Avila;
Cherokee County, Georgia;
Cobb County, Georgia;
Cobb County School District.

**294.** Plaintiff realleges and incorporates by reference the Factual Background set forth in ¶¶37–89 and the allegations of Counts I through XI as though fully set forth herein.

**295.** This Count arises under 42 U.S.C. § 1983, which prohibits retaliation by state actors against individuals for exercising rights protected by the Constitution.

A. Protected Activity

**296.** Plaintiff engaged in constitutionally protected activity, including but not limited to:

(a) asserting and relying upon a valid custody order entered by the Superior Court of Cobb County;

(b) objecting to and challenging void jurisdiction, void service, and unlawful enforcement actions;

(c) seeking emergency judicial review while incarcerated;

(d) providing certified custody documentation to law-enforcement officers and school officials;

(e) demanding compliance with jurisdictional limits and constitutional safeguards.

**297.** These activities are protected by the First Amendment right to petition the government for redress of grievances and by the Fourteenth Amendment's guarantees of due process and family integrity.

B. Adverse Actions

**298.** After and because Plaintiff engaged in protected activity, Defendants subjected Plaintiff to adverse actions that would deter a person of ordinary firmness from continuing to exercise constitutional rights, including:

(a) issuance and maintenance of void custody and contempt orders;

(b) threats of incarceration without jurisdiction or lawful service;

(c) unlawful arrest and detention based on void process;

(d) interference with Plaintiff's custodial rights and parenting time;

(e) school-based interference, disclosures, and release decisions based on void paperwork;

(f) surveillance, intimidation, and escalation of enforcement efforts.

C. Causal Connection

299. A direct causal connection exists between Plaintiff's protected activity and Defendants' adverse actions.

300. Defendants were on actual notice of Plaintiff's controlling custody order, jurisdictional objections, and lack of service, yet escalated enforcement actions only after Plaintiff asserted her rights and refused to comply with void demands.

301. The timing, sequence of events, coordinated conduct, and departures from standard procedures support a strong inference of retaliatory motive. No similar enforcement actions were taken against Plaintiff prior to her assertion of lawful custody rights and jurisdictional objections.

D. Individual and Municipal Liability

302. Defendants Judge Amanda Speights, Jeffrey Coleman, Roger Hubbard, Jr., Roger Hubbard, Sr., Deanna Hubbard, Suzanne Wilcox, Tanisha Palarche, Gregory Fields, Brian Barbee, and Eder Avila personally participated in, directed, or knowingly acquiesced in retaliatory actions against Plaintiff. The retaliatory acts attributed to Defendant Speights were administrative, coercive, and undertaken in the clear absence of jurisdiction, not judicial acts entitled to immunity.

303. Defendant Cherokee County is liable because retaliatory enforcement occurred pursuant to customs, practices, or failures to supervise permitting continued reliance on void orders and unlawful enforcement mechanisms.

**304.** Defendant Cobb County is liable because its law-enforcement officers engaged in retaliatory arrest and detention without training or safeguards to prevent enforcement based on void jurisdiction.

**305.** Defendant Cobb County School District is liable because its employees retaliated against Plaintiff by relying on void custody paperwork and disclosing protected family information after Plaintiff asserted her lawful custody rights.

E. Chilling Effect and Harm

**306.** Defendants' retaliatory conduct chilled Plaintiff's exercise of constitutional rights and caused actual injury, including unlawful detention, loss of liberty, interference with custody, emotional distress, reputational harm, and disruption of family life.

**307.** Defendants' conduct was intentional, knowing, and objectively unreasonable in light of clearly established law.

Relief

**308.** Plaintiff seeks compensatory damages, punitive damages against individual Defendants, declaratory relief that Defendants' retaliatory actions violated the Constitution, and prospective injunctive relief to prevent further retaliation for the exercise of protected rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, jointly and severally where applicable, and grant the following relief:

77

A. Compensatory Damages

1. **Compensatory damages** in an amount to be determined at trial, but **not less than Seven Million Five Hundred Thousand Dollars ($7,500,000.00),** for loss of liberty, unlawful arrest and detention, deprivation of custodial rights, interference with family integrity, emotional distress, reputational harm, educational disruption to Plaintiff's children, **and consequential damages flowing therefrom**, and all other injuries proven at trial.

B. Treble Damages (RICO)

2. **Treble damages pursuant to 18 U.S.C. § 1964(c) against the individual Defendants only**, on all damages awarded for Defendants' RICO violations set forth in Counts IX and X, resulting in a trebled damages award as mandated by statute.

C. Punitive Damages

3. **Punitive damages** against the individual Defendants in their individual capacities for willful, malicious, reckless, and callous disregard of Plaintiff's clearly established constitutional and statutory rights, in an amount sufficient to punish and deter similar misconduct.

D. Declaratory Relief

4. **Declaratory judgment** pursuant to **28 U.S.C. §§ 2201–2202** declaring that:
   - (a) The Superior Court of Cobb County retained exclusive continuing jurisdiction over Plaintiff's custody matter pursuant to **O.C.G.A. §§ 19-9-3 and 19-9-62**;

78

- o (b) All Cherokee County custody, contempt, enforcement, arrest, school-related, and detention actions taken against Plaintiff without jurisdiction or lawful service are **void ab initio**;

- o (c) Defendant Judge Amanda Speights lacked lawful authority to issue superior-court custody, enforcement, incarceration, or school-related directives affecting Plaintiff and her children;

- o (d) Defendants' enforcement of void process violated Plaintiff's rights under the Fourth and Fourteenth Amendments **as enforced through 42 U.S.C. § 1983**

## E. Injunctive Relief

5. **Preliminary and permanent injunctive relief** prohibiting Defendants, their successors, and those acting in concert with them from:

   - o (a) enforcing, relying upon, referencing, or giving effect to any void Cherokee County orders or process;

   - o (b) arresting, detaining, or threatening Plaintiff with incarceration based on void or jurisdictionally defective process;

   - o (c) interfering with Plaintiff's custodial or parental rights contrary to the controlling Cobb County custody order;

   - o (d) disclosing or using Plaintiff's confidential family, residential, or educational information absent lawful authority.

6. **Mandatory injunctive relief** requiring Defendant municipalities to implement policies, training, and safeguards to ensure:

79

    o   (a) verification of jurisdiction, service, and judicial authority prior to enforcement or arrest;

    o   (b) compliance with controlling custody orders issued by courts of exclusive continuing jurisdiction;

    o   (c) protection of confidential family and student information;

    o   (d) prompt judicial review when jurisdictional defects or void process are asserted.

Such injunctive relief is necessary to prevent irreparable harm and to remedy ongoing constitutional violations for which monetary damages alone are inadequate."

## F. RICO Equitable Relief

7. **Equitable relief under 18 U.S.C. § 1964(a)** enjoining Defendants from continued participation in the RICO enterprise, prohibiting future racketeering activity, and ordering corrective actions necessary to dismantle the unlawful enterprise and prevent recurrence.

## G. Costs and Attorney's Fees

8. **Costs, expenses, and reasonable attorney's fees** pursuant to **42 U.S.C. § 1988, 18 U.S.C. § 1964(c)**, and all other applicable provisions of law.

## H. Pre- and Post-Judgment Interest

9. **Pre-judgment and post-judgment interest** as allowed by law.

80

I. Retention of Jurisdiction

10. An order **retaining jurisdiction** to enforce compliance with declaratory and injunctive relief.

J. Further Relief

11. **Such other and further relief** as this Court deems just, proper, and equitable.

**Respectfully submitted,**

/s/ **Brandi Maddox**
Brandi Maddox, *Pro Se*
iambrandibeauty@gmail.com